## Case No. 14,232.

### TUFTS v. TUFTS et al.

[3 Woodb. & M. 426.] [1]

Circuit Court, D. Massachusetts. Oct. Term, 1847.

PRACTICE IN EQUITY—REHEARING—WHEN GRANTED—WASTE OF PUBLIC TIME.

1. A rehearing will not be granted in this court merely on a certificate of counsel, stating as a reason only an error in law on a particular point.

2. There should be shown, in order to justify a rehearing some new fact or precedent, or some specific mistake.
[Cited in Giant Powder Co. v. California Vigorit Powder Co., 5 Fed. 201.]

3. The same court should not be asked, on the same facts and cases and arguments, to consume the public time and consider whether to change its opinion or not, but such an examination belongs more properly to an appellate tribunal.
[Cited in Gage v. Kellogg, 26 Fed. 243.]

This was a petition for a rehearing in the case decided between these parties near the commencement of this term [Case No. 14,233]. The petition sets out a certificate of two counsel as to the propriety of a rehearing, but assigns no other ground, except that the petitioner feels aggrieved by the former decision, and thinks it erroneous in holding the agreement or trust between these parties named in the opinion to have been executory instead of executed.

Mr. Rand, for petitioner.
Sewall & Fletcher, for respondents.

WOODBURY, Circuit Justice. This petition does not aver any new evidence, new point, new precedent or new argument, as a ground for a rehearing, though that course is usual in such applications. Doggett v. Emerson [Case No. 3,961]; Jenkins v. Eldredge [Id. 7,267]; Hunter v. Marlboro' [Id. 6,908]; and Bentley v. Phelps [Id. 1,332]. Nor does it, as is customary, when nothing new has

[1] [Reported by Charles L. Woodbury, Esq., and George Minot, Esq.]

been discovered, set out any special mistake in law or fact as a reason for a rehearing, except that the contract or trust between these parties described in the bill was held by the court to be executory, when they were executed. The petitioner claims, however, that the certificate of counsel offered here, stating the case is a proper one for a rehearing, is alone sufficient to warrant it. But the decision by my predecessor, as well as of myself, against the sufficiency of such a certificate, standing alone, and the reasons for our opinions, may be seen fully in two recent cases, and supersede the necessity of going into them here. Jenkins v. Eldredge [supra]; Emerson v. Davies [Case No. 4,437].

The application, then, must rest entirely on the general ground specified as to the decision of the court having been erroneous, in respect to the agreement or trust growing out of it having been executory. Where counsel certify to the propriety of a rehearing in England, without stating the reasons, it is to be presumed that there is usually some specific ground for it in some particular accident or mistake which has happened, or in something new to be presented, by way of fact or argument, and not a mere difference of opinion between the failing party or his counsel and the court. Otherwise, as my predecessor remarked in Jenkins v. Eldredge, "I fear that suits would become immortal." It is certainly somewhat extraordinary to apply to the same judge to go over again forthwith the same matter and arguments, and nothing more. Before pressing such cases, it should be remembered what is due to the rights of the opposite side, what to other suitors, waiting to have their important business on the docket despatched, not to dwell on what is also due to self-respect, both in counsel and the court. But I have felt inclined to waive much of this in favor of a party, situated like the present complainant, in order to discover if any error is shown to be probable, and I have listened patiently to the argument in favor of the petitioner with an anxious desire and determination to correct any such error, if any such should be satisfactorily shown. But after two days thus spent, I must confess, that doubts enough have not been excited in me to justify the delay and expense to the other party and to the other large amount of business on this docket, which must be incident to a reargument of a cause like this, which has already occupied several weeks of the public time. Perhaps I came to that conclusion the more readily, as the petitioner has now an opportunity to have her case reheard on appeal before the supreme court, where she has expressed a determination to carry the cause. It may be further strengthened by the reflection that she was at first fully heard here by counsel, both orally and in writing, and after an opinion delivered has again been heard on this motion very widely, and has been able to point out nothing omitted, either in the former argument or opinion of the court, and nothing overlooked by accident or inattention, and nothing new to be presented on a rehearing.

The whole reasoning on this motion and all the cases cited in connection with it, seem to be merely those which were before urged. As understood by me, the answer to them all will be found in the former opinion delivered, and if there be anything different in the form of now presenting them by the counsel for the petitioner, it has not altered nor increased the force, and certainly the great force with which they were before pressed. I then stated that many of the conclusions drawn by the counsel for the petitioner connected with this and other points, were sound and legal, if the facts were regarded as she in my view improperly regarded them. But as I was compelled, sitting in equity, and still am to settle the facts, as well as the law, I differed more from her counsel as to the former than the latter. Probably I should still do the same, as it is not proposed, on a rehearing, to offer in any way any new facts, nor is it even pretended, by affidavit or otherwise, that a single new fact of importance could be offered, or has been discovered. It is, to be sure, argued that some surprise existed in the decision of the court being mainly on a point or question not raised in the pleadings. But it was one raised in the evidence early, and argued to the court for days on both sides, and no suggestion then of surprise, or any wish expressed then or now for leave to offer new testimony upon it. All the facts and precedents and reasons proposed to be offered on a rehearing being then the same as before, I can see no probable benefit likely to result from it, but lasting injury to the other public business, and a bad example for future applications. It is hardly in the power of the human mind, surely not of the sound judicial mind, after forming deliberate opinions on long arguments and much examination, to change at once its conclusions, merely on a repetition of the same arguments and the same facts. Opinions thus liable to change, would be as worthless after altered, as they were before. The changes, which are valuable and to be reasonably expected, are on new matter, new light, new information. And hence it is wisely provided in most judicial systems, as in ours, that where nothing new exists to justify a change in a judgment, a general review on the old grounds should be made by different persons, by a higher and appellate tribunal. That tribunal exists in this case. The petitioner has already expressed a determination to go to it, and nothing could be more gratifying to me, both personally and officially, than to have that tribunal correct any error of mine in attempting to administer justice with purity and correctness. In order to enable parties to have such errors corrected, rather than opposing or discountenancing their efforts, I have hitherto lent, and shall hereafter lend,

all the assistance in my power consistent with the laws and the rights of antagonist parties.